(84 South. 571)

No. 23909.

## AMERICAN BREWING CO. v. ARTIGUES.

### In re AMERICAN BREWING CO.

(May 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Mortgages** ⟜151(3)—**Knowledge of mortgagee did not give contractor right of recorded lien.**

Fact that brewing company had actual knowledge that contract for repair of premises on which it held a mortgage had been made, and that work was going on, did not take the place of registry of contract as required by Civ. Code, art. 3274, to give contractors same right which a recorded lien would confer.

2. **Contracts** ⟜221(3)—**To pay from prospective fund not operative where fund does not come into existence.**

Where brewing company held mortgage on premises which were injured by fire, and repairs were contracted for by owners, and thereafter a second fire occurred, and brewing company told contractors to furnish proof of amount of work they had done, and agreed to pay them any amount insurer might allow for destruction of work, but insurer declined to pay anything, contractors are not entitled to be paid claimed value of their work to prejudice of brewing company on foreclosure of its mortgage.

3. **Liens** ⟜4—**Privilege; mortgagee's promise to pay for repairs did not create lien.**

If secretary or attorney of brewing company which held a mortgage on premises promised that claim of contractors to repair such premises after a fire whose work had been destroyed by a second fire would be paid, such promise did not create a lien on mortgaged property, even if it did create personal obligation to pay debt.

4. **Insurance** ⟜581—**Consent required for imputation of payment to less burdensome debt.**

Under Civ. Code, art. 2156, a mortgagee which also had due it from the mortgagor money on open account required mortgagor's consent to impute payment of insurance money on mortgaged premises to less burdensome of two debts—that is, unsecured debt due on open account.

Suit to foreclose a mortgage by the American Brewing Company against Louis Artigues, wherein the Brewing Company proceeded by rule against Bendisch & Hernandez, contractors to do repair work on the building, and the Recorder of Mortgages, to compel cancellation of registry of the contract in so far as to purport to operate as a lien superior to the mortgage held by the Brewing Company. The rule was made absolute, and the Recorder of Mortgages ordered to cancel the inscription of the contract of Bendisch & Hernandez, who appealed to the Court of Appeal, which decreed that the judgment should be amended, and the Brewing Company applies for certiorari or writ of review to the Court of Appeal. Judgment of the Court of Appeal annulled, and judgment of the trial court ordering cancellation of the inscription of the contract reinstated, and made the judgment of the Supreme Court.

Lemle & Lemle and Arthur A. Moreno, both of New Orleans, for relator.

Anthony J. Rossi and F. F. Teissier, both of New Orleans, for Bendisch & Hernandez.

O'NIELL, J. In the course of his business dealings, Louis Artigues became indebted to the American Brewing Company on an open account. The brewing company also held a promissory note for $3,200 signed by Artigues and secured by mortgage on his property. The property was insured against loss by fire, and the policy contained the usual loss payable clause in favor of the mortgagee. A fire occurred on the 11th of July, 1917, damaging the building to the extent of $295, the amount for which it was ascertained the damage could be repaired. The insurance company paid the amount of the loss to the mortgagee; and, with Artigues' consent, the amount was placed to the credit of his open account. On the 18th of July, 1917, the firm of Bendisch & Hernandez, building contractors, entered into a contract with Artigues to make the repairs for $295. Thereafter the work was commenced, and was partly done when, on the 22d of July, 1917, only four days after the contract was signed, another fire occurred, damaging the building to the extent of $1,300 over and above the damage and destruction of a part of the work done by Bendisch & Hernandez. The latter contended that they had done all but worth $48 worth of the repair work when the second fire occurred. There is other evidence showing that they had done only about $20 worth of the work when the second fire occurred. It is conceded that the repair work to be done by Bendisch & Hernandez was not completed when the second fire occurred, and that the fire destroyed a part of the repairs which they had made. The insurance company refused to pay for the damage done to the repairs which had been made by Bendisch & Hernandez, on the ground that they were independent contractors, whose repair work was at their risk until completed. Having agreed upon the adjustment of $1,300 for the additional loss, the amount was paid to the mortgagee, who, with the consent of Artigues, credited the amount upon his open account, instead of crediting it upon his mortgage note.

Six months thereafter the American Brewing Company foreclosed the mortgage by executory proceedings; and on the 7th of March, 1918, the mortgaged property was sold by the sheriff at a price about $132 less than the amount required to pay the mortgage note, with interest, attorney's fees, and costs.

The contract between Bendisch & Hernandez, contractors, and Louis Artigues, owner of the building, was not recorded until the 6th of March, 1918—that is, the last day before the sheriff's sale.

Because of the registry of the contract, the sheriff insisted upon withholding $295 of the proceeds of the sale. Thereupon the American Brewing Company proceeded by rule against Bendisch & Hernandez and the recorder of mortgages to compel a cancellation of the registry of the contract in so far as it purported to operate as a lien superior to the mortgage held by the American Brewing Company.

After trial the rule was made absolute ordering the recorder of mortgages to cancel the inscription of the contract of Bendisch & Hernandez. The latter appealed to the Court of Appeal for the parish of Orleans. That court decreed that the judgment appealed from should be amended by adding thereto that the civil sheriff should pay to Bendisch & Hernandez, out of the proceeds of the sale made by him, the sum of $242 and the costs of the proceedings. The reason for directing the sheriff to pay to Bendisch & Hernandez only $242, instead of $295, appears to be that the Court of Appeal concluded that the contractors had done only $242 worth of the work when the second fire occurred. The case is before

us on a writ of review issued at the instance of the American Brewing Company.

## Opinion.

The Court of Appeal recognized that the registry of the contract between Artigues and the firm of Bendisch & Hernandez did not give the latter a preference over the holder of the mortgage on the property, because the contract evidencing the debt was not recorded within seven days after it was entered into, as required by article 3274 of the Civil Code to confer such preference over a mortgage already recorded.

[1] The Court of Appeal assigned three distinct reasons for ordering the civil sheriff to pay Bendisch & Hernandez $242 to the prejudice of the mortgage creditor. The first reason given was that the mortgage creditor was a party to the contract. In a subsequent opinion, however, given by the court in refusing a rehearing, it is explained that the reason for saying that the brewing company was a party to the contract between the contractors and the owner of the building was that the brewing company was furnished a copy of the contract. It is said that the brewing company's failure to sign the contract was only an oversight, and that the company's signature was unnecessary when the company permitted the work to go on under the contract, of which the company had knowledge. The ruling, in effect, was that the brewing company's having actual knowledge that the contract was made and that the work was going on took the place of registry of the contract and gave the contractors the same right which a recorded lien would confer. We do not concur in that opinion. Liens or privileges are created only by law; and when the law declares that a lien shall not affect third parties unless it be recorded, actual knowledge on the part of third parties does not supply the want of registry. The American Brewing Company was not a party to the contract between Artigues and the firm of Bendisch & Hernandez. The brewing company did not agree to sign and was not called upon to sign the contract; and we see no reason for holding that the brewing company's failure to sign the contract was merely an oversight.

[2] The second reason assigned by the Court of Appeal for requiring the sheriff to pay Bendisch & Hernandez $242, to the prejudice of the mortgagee, was that Bendisch & Hernandez were called upon by the brewing company, in making proofs of loss for the second fire, to make proof concerning the work done by them, and that their work was taken into consideration in adjusting the loss. The record shows conclusively and beyond dispute that the insurance company refused to pay anything for the partial destruction of the work that had been done by Bendisch & Hernandez. The brewing company, with a spirit of fair play, asked the attorney for Bendisch & Hernandez to furnish proof of the amount of work they had done at the time of the second fire, and agreed to pay to Bendisch & Hernandez any amount that the insurance company might allow for the destruction of the work done by Bendisch & Hernandez. But the insurance company declined to pay anything for the partial destruction of the work which had been done by Bendisch & Hernandez; and it is not contended that the insurance company was liable for the loss sustained by Bendisch & Hernandez. Of course, the work done by Bendisch & Hernandez was taken into consideration in adjusting the loss. But the purpose and result of taking it into consideration, so far as the insurance company was concerned, was to deduct the amount of the loss sustained by Bendisch & Hernandez from the total loss that resulted from the second fire. We are therefore constrained to hold that the second reason assigned by the Court of Appeal for the judgment rendered is not well founded.

[3] The third reason assigned by the Court of Appeal for directing that Bendisch & Hernandez should be paid in preference to the mortgage creditor was that the proofs of loss furnished by Bendisch & Hernandez were made after the brewing company's secretary had promised to pay the claim of Bendisch & Hernandez, and upon an express promise by the brewing company's attorney that the claim would be paid out of the insurance money. There is no proof that the secretary of the brewing company ever promised to pay the claim of Bendisch & Hernandez, nor proof that the brewing company's attorney promised that the claim would be paid out of the insurance money. It is not suggested or intimated in the opinion or findings of the Court of Appeal that Bendisch & Hernandez were induced not to record their contract within the seven days by any promises on the part of the secretary or attorney of the brewing company. Even if the evidence justified a conclusion that the secretary or the attorney of the brewing company did promise that the claim of Bendisch & Hernandez would be paid, such promise would not have the effect of creating a lien upon the mortgaged property, even if it should create a personal obligation to pay the debt.

[4] In their brief filed in this court the attorneys for Bendisch & Hernandez contend that the judgment of the Court of Appeal should be affirmed, if not for any of the three reasons assigned by the Court of Appeal, then for the reason that the American Brewing Company had no right to impute the payment of the insurance money to the open account of Artigues, in preference to applying it as a credit upon his mortgage note. The brief contains a calculation showing that, if the $1,300 of insurance money had been credited on the mortgage note, the proceeds of the sheriff's sale would have been enough to pay the balance due on the note

147 LA.—6

and to pay the entire amount due to Bendisch & Hernandez. The right of the brewing company to impute the payment of insurance money to the less burdensome debt due by Artigues does not appear to have been questioned in the district court, or to have been considered by the Court of Appeal. Under the provisions of article 2156 of the Civil Code, the brewing company required Artigues' consent to impute the payment of the insurance money to the less burdensome of the two debts due by him. But it is not disputed that Artigues did consent to the imputation of payment to the open account. At the time of the payment, Bendisch & Hernandez had no lien upon the property or right that could have been affected by either manner of imputation of payment. At that time Artigues could have given another mortgage in favor of the American Brewing Company to secure the open account without infringing upon any right of Bendisch & Hernandez.

Counsel for Bendisch & Hernandez cite the decision in Burbank v. Buhler, 108 La. 39, 32 South. 201, in support of their argument. The decision is authority for the proposition merely that an heir of a deceased debtor has a right to complain of an unlawful or unauthorized imputation of payment that was made by the creditor without the consent of the debtor. The decision therefore is not authority for the proposition advanced by counsel for Bendisch & Hernandez that an ordinary creditor has a right to complain of his debtor's having consented that a payment made by the debtor to another creditor was imputed to the less burdensome of two debts due by the debtor to the other creditor.

For the reasons assigned, the judgment of the Court of Appeal is annulled, and the judgment of the civil district court ordering the recorder of mortgages to cancel the inscription of the contract between Louis Artigues and the firm of Bendisch & Her-

147 LOUISIANA REPORTS

nandez is reinstated and made the judgment of this court. All costs of this proceeding are to be paid by Bendisch & Hernandez.