LAND, J.
 

 During the year 1921, the defendant, as owner, erected a dwelling and other improvements on lot 10 of the Olive and Creswell subdivision of the city of Shreveport, and purchased direct from the Central Dumber Company, Inc., and the Builders’ Supply Company, Inc., certain materials used in the construction of the dwelling and improvements on said lot.
 

 These improvements were finished not later than January 1, 1922, and on February 3, 1922, defendant executed a mortgage by authentic act to secure a series of notes aggregating $5,400, consisting of 14 notes, the first 12 for $75 each, and the last for $4,500. This mortgage was recorded on February 3, 1922.
 

 The plaintiff, F. M. Cook, became owner of the mortgage notes, and after default in payment of the second note foreclosed the mortgage. The Central Lumber Company, Inc., purchased the property at sheriff’s sale for the sum of $6,125, and, after payment of. cost, a net balance was left of $5,997.20.
 

 The sheriff having refused to turn over the proceeds of the sale because of recorded claims against the property, plaintiff made all claimants of record parties defendant to a rule to show cause why all of the liens should not be declared invalid, for the reason that they were not filed until more than 45 days from the date of the delivery of the material or the performance of the work.
 

 L. A. Carter was the owner of the property, and as, such erected the improvements. The materials were furnished direct to the owner and not to a contractor. The last delivery of the Central Lumber Company was made on December 15, 1921.
 

 Its lien was filed March 1, 1922, a period of
 
 2y2
 
 months after the date of the last delivery. The last delivery of the Builders’ Supply Company was made on December 28, 1921, and its lien was filed on February 13,' 1922, this being a period of 46 days, excluding the date of the last delivery and the date on which the lien was filed. Neither lien was filed within 45 days from the date of the last delivery.
 

 Act 229 of 1916 applies, and under sections 2 and 8 of said act the claim of furnishers of materials must be filed within 45 days from the last delivery. They were filed in this case too late. Gleissner v. Hughes, 153 La. 133, 95 So. 529: Rose v. Eunice Electric Theater Co., 154 La. 81; 97 So. 322; Robinson-Slagle Lumber Co. v. Rudy, 156 La. 74, 100 So. 296.
 

 The fact that the owner recorded a written acceptance of the building on January 17, 1922, is unimportant, as the owner erected the building on his own lot and purchased the materials direct. There was no contractor involved in the case, and no formal acceptance, as contemplated by Act 262 of 1916, was necessary or- possible.
 

 The owner of a lot erecting his own building accepts, as the work is done and as the' materials are.delivered to him.
 

 The judgment in favor of plaintiff, ordering the cancellation of the Builders’ Supply Company and of the Central Lumber Company, and holding that the mortgage of plaintiff in rule primes the liens of these defendants as furnishers of materials, is, in our opinion, correct.
 

 Judgment affirmed.