HORTMAN-SALMEN COMPANY, INC. v. SMITH, ET AL.

---

(June 21, 1926. Opinion, and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Mechanic's Privileges —Par. 2, 6, 13, 23.**

Section 2 of Act 139 of 1922 has no application to cases where no contract for the construction of a building has been entered into by the owner; such cases are governed by Section 11 of said Act. In view of the provisions of Section 19 of Article XIX of the Constitution of 1921, and of the fact that Section 11 of Act 139 of 1922 does not prescribe any time within which liens falling within the provisions of said section shall be recorded, the recordation of a lien falls within the terms of Section 11 of Act 139 of 1922 cannot affect persons who have acquired the property subsequent to the period during which the materials were furnished and who have recorded their titles prior to the registry of any claim of lien by the furnisher of the material unless it be held that the provision of Section 2 of

Act 229 of 1916, requiring registry within forty-five days after the acceptance of the work is still in effect. It is unnecessary to decide in this case whether Act 229 of 1916 is repealed in toto by Act 139 of 1922 as plaintiff's lien was not registered within the time required by the former Act.

Appeal from the First City Court of New Orleans, Section "A". Hon. W. Alexander Bahns, Judge.

Action by Hortman-Salmen Company, Inc., against Robert Smith, et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

John J. Reilly, of New Orleans, attorney for plaintiff, appellant.

S. F. Gautier and McLoughlin & West, of New Orleans, attorneys for defendant, appellee.

PHELPS, Judge Ad Hoc. Plaintiff, Hortman-Salmen Company, Inc., brought this suit against Robert Smith, Clayton J. Borne, Fidelity Homestead Association and Brooks L. Vassar for the payment of plaintiff's claim as material man, amounting to two hundred and eighty-five dollars and seventy-four cents, and for the recognition of plaintiff's lien and privilege on the property in question. The facts are admitted and are as follows:

On November 19, 1924, Smith was the owner of a lot of ground in the city of New Orleans. Vassar, a contractor, was engaged in the construction of a building on the said ground. The building was erected without any contract or bond. Between November 19, 1924, and January 24, 1925, plaintiff sold and delivered to Vassar lumber which was used by Vassar in the construction of the building and no part of the price of said lumber has been

paid. On January 24, 1925, Smith sold the property to the Fidelity Homestead Association, and on the same day the Fidelity Homestead sold the property to Borne. There were annexed to both acts of sale the usual certificates showing that at the time of the execution of the sale the property was free from any encumbrances. On August 17, 1925, plaintiff recorded a sworn statement of account in the mortgage office, and served a copy on the then owner, Borne. This was more than sixty days after the completion and occupancy of the building. No written acceptance of the building was ever recorded in the mortgage office.

There was judgment in favor of plaintiff against the trustee of Vassar, who had gone into bankruptcy, but dismissing plaintiff's suit as to Borne and the Fidelity Homestead and refusing to recognize a lien and privilege upon the property.

Plaintiff abandoned the suit as to Smith when the case was called for trial. Plaintiff alone has appealed, and the question involved on this appeal is, therefore, the correctness of that part of the judgment in favor of Borne and the Homestead in refusing to recognize the lien and privilege upon the property.

Section 19 of Article XIX of the Constitution of 1921, which is substantially the same as Article 186 of the Constitution of 1898, provides:

"No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated in the manner and within the time prescribed by law."

It is well settled that even actual knowledge on the part of third parties does not supply the want of registry of a lien.

(American Brewing Company vs. Artigues, 147 La. 155, 84 South. 571.) Plaintiff, therefore, cannot hold the Fidelity Homestead or Borne, or obtain recognition of the lien and privilege on the property unless it can show that the law prescribed a specific time within which this lien must be recorded, and that such lien was recorded within the time thus prescribed.

Plaintiff relies upon the provisions of Section 2 of Act 139 of 1922 that the material man must record a sworn statement "within thirty days after the registry of notice which the recorder of mortgages of the parish where the work is done by the owner, of his acceptance of the work or of the contractor's default, or the recordation of the architect's certificate of completion, until which time the delay to file claims of privilege shall not run". But that section clearly has no application to a case where, as here, no contract has been entered into for the work of repair or construction of the building. Section 2 and also Section 5 manifestly relate only to cases where the owner has entered into a contract for the repair of or construction of the building. Cases where the owner has undertaken the repair or construction of the building for his own account or where no contract for such repair or construction has been entered into by the owner or governed by the provisions of Section 11 of Act 139 of 1922, which reads as follows:

"Whenever the owner or his authorized agent or representative undertakes the repair, reconstruction, erection or construction of a building or any other work for his own account or for which no contract has been entered into, then any person furnishing services or material or performing any labor on said building or other structure may record in the mortgage office in the parish in which said work is being constructed, a certified copy of the building permit, or affidavit of claim or any other writing evidencing same; which recordation shall create a lien and privilege

upon the building or other structure, and upon the land upon which it is situated, as created by this Act, in favor of the said contractor, master mechanic or contracting engineer, and sub-contractors, workmen, journeymen, cartmen, truckmen, mechanics and furnishers of material, as their interest may arise, for the period of one year from the completion or occupancy of the building or other work, which term shall not run pending judicial proceedings."

It will be observed that Section 2 does not prescribe any time within which the building permit or affidavit or claim shall be recorded, but merely provides that such recordation "shall create a lien and privilege for the period of one year from the completion or occupancy of the building or other work". This period of one year is not the time within which the lien may be recorded, but is the period during which the lien, when once recorded, remains effective.

In view of the provisions of Section 19 of Article XIX of the Constitution of 1921, and of the fact that Section — of Act 139 of 1922 does not prescribe any time within which liens falling within the provisions of said section shall be recorded, the recordation of a lien which falls within the terms of Section 2 cannot affect persons who have acquired the property subsequent to the period during which the materials were furnished, and who have recorded their titles prior to the registry of any claim of lien by the furnisher of the material unless it be held that the provision of Section 2 of Act 229 of 1916 requiring registry within forty-five days after the acceptance of the work is still in effect.

In the light of the broad scope of the title and provisions of Act 139 of 1922, and especially the repealing clause thereof, it might be urged that said Act repeals in toto the provisions of Act 229 of 1916. It is, however, unnecessary to decide this question for the reason that even if Act 229 of 1916 was applicable, plaintiff's claim of lien was not registered within the time required thereby as the claim was not registered until more than forty-five days after the delivery of the last material by plaintiff and until more than forty-five days after the completion and occupancy of the building. (Gleissner vs. Hughes, 153 La. 134, 95 South. 529; Cook vs. Carter, 160 La. —, 106 So. 704.)

The judgment appealed from is correct and it is therefore affirmed.