## No. 11,699

### Orleans

### JAHNCKE SERVICE, INC., v. McGUIRE ET AL.

(January 21, 1929. Opinion and Decree.)

Deutsch and Kerrigan, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

JANVIER, J. James H. McGuire and his wife were the owners of a piece of real estate in this city. They decided to make certain improvements, and for this purpose employed a contractor named Young. Apparently, a written contract was entered into, but this contract was not recorded as required by Section 12 of Act 298 of 1926. Materials totaling $117.49 were delivered by the plaintiff company to the premises 2029 Peniston Street, and on the bill which was sent with the material appears the written approval of the defendant, James H. McGuire. The evidence shows that the materials were used on that property and we are unable to see any serious defense to plaintiff's claim. Under Section 12 of Act 298 of 1926, a materialman is entitled to a lien on the property of the owner unless the owner enters into a written contract for the repair work or construction work, and records the contract in the mortgage office. This the owner did not do in this case. There is no question, then, that the materialman is entitled to his lien and is entitled to his judgment against the owners of the property.

As we have stated, the amount of the material bill was $117.49. The evidence shows that the plaintiff was required to pay $1.50 to record his lien, which makes a total of $118.99.

It is therefore ordered that the judgment appealed from be affirmed.