LAWRENCE v. WRIGHT ET AL.

———

(November 18, 1929.  Opinion and Decree.)

———

S. S. Goldman, of New Orleans, attorney for plaintiff, appellee.

James G. Schillin, of New Orleans, attorney for defendant, appellant.

HIGGINS, J.  This is a contest over the proceeds of the sale of a piece of real estate.  The property was sold under a writ of fieri facias by the sheriff at public sale to satisfy a judgment which plaintiff obtained against the owner of the property. The present issue arose out of a rule taken by plaintiff to clear the property of encumbrances and to refer them to the proceeds of the sale.  Plaintiff in rule claims under a materialmen's lien and defendant in rule claims under a conventional mortgage.

Each party contends that his claim should be recognized by preference and priority over the other.

The record shows that the plaintiff furnished material to the contractor and that it was used in the erection of a building on the property of the owner.  The building contract was not recorded.  Plaintiff's claim for lien as a materialman was duly and properly recorded in the mortgage office, but a detailed sworn statement of his claim was not served upon the owner. The mortgage of the defendant was properly recorded before the lien of the plaintiff, but while the building, for which the material was furnished, was under construction.

The sole issue presented by this case is whether or not it is necessary under the provisions of Act 298 of 1926 for a materialman to serve a sworn itemized statement of his claim upon the owner, in addition to the recordation of his claim in the mortgage office, in order to have a valid lien upon the property of the owner. The determination of this question depends upon the interpretation to be placed upon section 12 of Act 298 of 1926.

Counsel for the appellant contends that section 12 of Act 298 of 1926 should be construed together with the provisions of section 2 of the said act, which requires in addition to recordation, also notice to the owner of the claim and, therefore, the plaintiff having failed to give the owner notice of his claim, in accordance with section 2, that plaintiff has not a legal existing lien upon the property in question. That before plaintiff's lien could have any legal effect it is indispensable that plaintiff comply with the provisions of the law that creates his lien and gives it legal existence.

Counsel for appellee contends that section 12 of Act 298 of 1926 should be construed independently of the other sections of the statute, because it deals specifically with the class of cases where a written contract is entered into between the owner and the contractor but is not recorded. That section 12 is self-operative and entirely independent of the other provisions of the statute and as said section provides only for the recordation of the affidavit in the mortgage office, within sixty days after the date of last delivery, in order to create a valid lien in favor of the materialman, that it was unnecessary for plaintiff to serve a detailed sworn statement of his claim upon the owner.

Act 298 of 1926 provides the method and manner of creating and preserving liens and privileges of materialmen, laborers, etc., and is exclusive of all other laws of the subject matter. Section 16 of the said act specifically repeals Act 230 of 1924, Act 139 of 1922, Act 262 of 1916 and Act 229 of 1916, and all acts amendatory thereof, and all laws or parts of laws on the said subject matter including the provisions and articles of the Revised Civil Code of Louisiana, which may be incon-

sistent with the said act. It is, therefore, only necessary to look to the provisions of Act 298 of 1926 in determining this controversy.

A careful reading of the act shows that the Legislature intended to classify cases arising under its provisions as follows:

First: Where the building contract and bond securing its faithful performance are both recorded in the mortgage office.

Second: Where the building contract has been recorded but an insufficient bond has been furnished or no bond has been recorded, and

Third: Where there is no contract or where the contract is unrecorded or where the owner or his authorized agent undertakes the work.

Section 2 of the act deals specifically with the case where the contract and bond are properly recorded. Section 6 deals exclusively with the case where the contract has been recorded but the bond is insufficient or the bond has not been recorded. Under the specific provisions of both of these sections in order to create a valid lien the materialman or laborer must record his sworn detailed statement, and serve such a statement upon the owner either by registered mail or by personal service.

The instant case does not fall under the provisions of sections 2 and 6 because the contract in this case was not recorded and, therefore, falls under the provisions of section 12 of said act.

Section 12 of Act 298 of 1926 reads as follows:

"Section 12. When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the

said owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required by this act, then any person furnishing service or material or performing any labor on said building or other work may record in the office of the Clerk of Court or Recorder of Mortgages in the Parish in which said work is being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon said property or the last performance of all services or labor upon the same by said furnisher of material or said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work of improvement, as his interest may appear. Said lien and privilege, recorded as aforesaid shall constitute a lien and privilege, against the said property for a period of one year from the date of its filing, unless interrupted by judicial proceeding, during which judicial proceeding said prescription shall not run. Any person furnishing service or material or performing any labor on said building or other work to or for a contractor or subcontractor, when a contract, oral or written has been entered into but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, as provided in this Section, which right of action shall not prescribe during the pendency of judicial proceedings; provided, that this shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent. Said lien and privilege shall be superior to all other claims against the said land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor's privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association, if said vendor's privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished; provided, however, that the wages of a laborer for work done by him on any building, shall, when presented and recorded by him in accordance with the provisions of the Act, create in his favor a lien and privilege on the land and improvements which will prime the rights of mortgagees or vendors."

It is to be noted that under the provisions of this section it is only necessary to record the detailed sworn statement of the materialman in order to create a valid lien. Notice to the owner is entirely dispensed with under this section of the act. It is clear that if this section is to be construed independently of the other provisions of the statute, particularly sections 2 and 6, that recordation is the sole requirement to the creation of a valid lien.

We shall now pass to a consideration of whether or not section 12 should be construed independently, and exclusive of the other provisions of the act with reference to the class of cases falling within its provisions. It is significant that in three places in section 12 the Legislature refers to the recordation of the claim in the mortgage office in order to create a valid lien which "recordation if done within sixty days after the date of last delivery of all material * * * shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated * * *." Again we find this language: "Said lien and privilege, recorded as aforesaid, shall constitute a lien and privilege against the said property * * *."

It is also to be noted that in section 12 the Legislature provides for the ranking of the lien and privilege with reference to taxes, assessments, vendor's liens and mortgages. In section 1 of the act the

Legislature, in almost identical language, likewise provided for the ranking of the liens and privileges created by the act. If it were not the intention of the Legislature that section 12 should be construed independently and exclusive of the other provisions of the act, it would not have been necessary to have a repetition of the provision governing the ranking of the lien and privilege in section 12, as this was already provided in section 1 of the act.

In the case of Hortman-Salmen Company, Inc., vs. Smith et al., 4 La. App. 674, which was a case where the building was erected without any contract or bond, this court held that section 2 of Act 1922 had no application to a case where no contract had been entered into but that such cases were governed by section 11 of the said act.

In the case of Hortman-Salmen Co., Inc., vs. White, 168 La. 18, (123 So. Rep. 709, Adv. Sheet of September 4, 1929), the Supreme Court said:

"As the building was erected in 1927, the question presented as to which is entitled to payment by preference, the mortgage or the lien, is governed by Act 298 of 1926. As the contract for the construction of the building was not recorded, the question presented is governed peculiarly by Section 12 of that Act." (Page 710 of 123 So.)

Counsel for the defendant cited the following cases in support of his contention: Burke vs. Kennedy, 5 La. App. 338; Merriweather Supply Company vs. Baugh, 6 La. App. 730; Casey vs. Allain et al., 9 La. App. 5, 120 So. 420. We do not find these authorities in point.

In cases where there was a contract entered into but not recorded the provisions of section 5 of Act 139 of 1922 governed.

As section 5 of the said act specifically provides that recordation and notice to the owner shall be effected as provided in section 2 of the act, and as the said section 2 provides for the recordation of a sworn statement and service thereof on the owner, it was necessary in order to create a valid lien, to both record the claim and serve notice of the claim upon the owner. Section 11 of Act 139 of 1922 only applies to cases where there are no contracts at all or where the owner or his authorized agent undertakes the work. In cases falling under section 11 of the said act it was unnecessary to serve a sworn statement upon the owner.

A careful reading of the decisions cited by counsel for the defendant show that they are cases where contracts were entered into but not recorded. Such cases fall within the provisions of section 5 of Act 139 of 1922 and not within section 11 of said act. As the cited cases fall within the provisions of section 5 of the said act it was necessary to serve a copy of the sworn statement upon the owner because the provisions of the said section specifically provide for such service. We do not find that any of the cases cited by counsel fall within the provisions of section 11 of Act 139 of 1922. They are, therefore, not applicable to this case.

Counsel for defendant has also cited the following authorities: Gleissner vs. Hughes, 153 La. 133, 95 So. 529; Rose vs. Eunice Electric Theatre Co., 154 La. 81, 97 So. 322; Frank vs. Waters, 162 La. 255, 110 So. 413. While these cases deal with the subject matter of materialmen's liens they are not in point because the Supreme Court has never passed upon an issue such as is presented in the instant case.

It is true that the jurisprudence of this state is uniform to the effect that mate-

rialmen's liens are stricti juris, in derogation of a common right, and must be strictly construed against the lienor. It is also true that the provisions of section 12 of Act 298 of 1926 are drastic against the owner in that it makes the buildings and improvements, and the land upon which the buildings and improvements are situated, and the owner personally responsible for the lienor's claim for a period of one year. We can see no good reason why the owner in the case where no contract is entered into or where a contract is entered into and not recorded should not likewise receive notice of the lienor's claim as provided in the statute in the other cases, because the theory of notice to the owner is to give him an opportunity to protect himself against a defaulting contractor. It appears that the service of the notice by registered mail or personal service is a simple matter very easily effected and inexpensive insofar as the lienor is concerned. But we are driven to the conclusion that the Legislature intended that in cases where there were no contracts or where there were contracts and they were not recorded or where the owner or his authorized agent undertakes the work, that the owner is not entitled to receive such notice from the lienor. Whatever may have been the reason for the classification, the fact remains that the Legislature has made it, and clearly carried it out throughout the act. It is interesting to note that the class of cases where there was a written contract but unrecorded was classified under section 5 of Act 139 of 1922, and hence notice to the owner was necessary. In writing the act of 1926 the Legislature placed this class of cases under section 12 of the act and notice to the owner is unnecessary.

We are, therefore, of the opinion that section 12 of Act 298 of 1926 is to be construed independently and exclusively of the other sections of the act with reference to cases where there is a written contract and it is unrecorded. As this section does not require service of a sworn detailed statement upon the owner but only requires the recordation of the detailed sworn statement, in order to create a lien, the lien of the plaintiff is valid and under the provisions of section 12 of Act 298 of 1926, primes the mortgage of the defendant.

For the reasons assigned the judgment appealed from is affirmed.