MADISON LUMBER CO. v. McGUIRE

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. Plaintiff, a materialman, filed suit against the defendant, as owner, to recover the sum of $1,408.81 for material furnished for the erection of a building on the property of the owner, and for the recognition and maintenance of its materialman's lien and privilege on the property. The defendant denied liability. There was judgment in favor of plaintiff and defendant has appealed.

The petition alleges that plaintiff sold and delivered to Charles S. Young, as contractor, certain building material at various times between August 1, 1927, and November 22, 1927, amounting to $1,406.31; that the said Young used the material in the construction of a building on defendant's property; that the said Young was adjudged a voluntary bankrupt and did

not pay the said bill or any part thereof; that a sworn itemized statement of plaintiff's claim was duly recorded in the mortgage office on January 5, 1928; and that a sworn itemized statement was sent by registered mail to the defendant on January 29, 1928; and that the contract between Charles S. Young, as contractor, and the defendant, as owner, for the erection of the building, had never been recorded in the mortgage office of this parish. Defendant filed a general denial to plaintiff's petition.

The record clearly shows that the plaintiff proved by a preponderance of the evidence that the material was delivered and used in the erection of the building. The record also shows that the last delivery was on November 22, 1929, and the notice to the owner was sent by registered mail on January 29, 1929. This is more than sixty days from the date of last delivery as provided in section 12 of Act 298 of 1926. Notice, if required by this section, should have been given to the owner within sixty days. But, we have reached the conclusion that notice to the owner of the claim of the lienor by service of a sworn itemized statement, is not necessary under the provisions of section 12 of Act 298 of 1926, for the reasons assigned in the case of John F. Lawrence v. W. L. Wright et al., No. 13173, 124 So. 697, this day decided by us.

As this is a case where the contract was not recorded it peculiarly falls within the provisions of section 12 of Act 298 of 1926. Since plaintiff has fully complied with the provisions of this section, it is entitled to a valid lien.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed.