No. 3801

Second Circuit

**RUSTON LUMBER & SUPPLY CO. v. BECKHAM ET AL.**

(June 2, 1930. Opinion and Decree.)
(July 5, 1930. Rehearing Refused.)

Barksdale, Warren & McBride, of Ruston, attorneys for plaintiff, appellant.

J. W. Elder, of Ruston, and B. K. Watson, of Marion, attorneys for defendants, appellees.

WEBB, J. In this action plaintiff, Ruston Lumber & Supply Company, a partnership, seeks to recover judgment for an alleged balance due on the purchase price of building material sold to John Chilcote, a building contractor, and used by him in executing a contract entered into by Chilcote with the owners of the property, the community existing between H. H. Beckham and wife, Wilma Beckham, and for a like judgment against the owner of the property, with recognition of a privilege on the property and improvements to secure the payment of the judgment, interest, and costs.

The action, as against the community, and for recognition of a privilege on the property and improvements, is based on the provisions of section 12 of the building statute, Act No. 298 of 1926, under which the furnisher of material to the contractor, who complies with the provisions of the statute, obtains the right to proceed against the owner of the property for the price of the material furnished, and for recognition of a privilege on the property and improvements to secure the payment of the judgment, where the owner of the property has failed to record the contract and require bond of the contractor as required by the statute.

There was not any defense by the contractor, but Beckham and wife denied plaintiff's allegations, and also pleaded that Chilcote was the agent of plaintiff, and that the latter was the real contractor and liable in solido with Chilcote for the performance of the contract and work undertaken by Chilcote, and that the contract had not been complied with and work completed, and that defendants had paid out $1,000 above the contract price, and would have to expend $400 to complete the work, and were entitled to recover judgment against plaintiff and Chilcote, in reconvention, for $1,400; and defendants Beckham and wife further alleged that they had instructed plaintiff not to furnish Chilcote with material in excess of the value of $1,600, and that plaintiff had acceded to the request, and that defendants Beckham and wife had tendered to plaintiff $150, the difference between the amount which plaintiff had been paid, and $1,600, and they prayed that plaintiff's demands be rejected, and for judgment against plaintiff, in reconvention, in the sum of $1,400.

Plaintiff moved to strike out the special pleas, and, in the alternative, that defendants should be ordered to elect, and, the motion to strike out being overruled, and the motion to elect referred to the merits, plaintiff, on trial, objected to any evidence in support of the special pleas, which was overruled, and judgment was rendered in favor of plaintiff against Chilcote as demanded and as against Beckham and wife in the sum of $150, without cost or interest, and rejecting plaintiff's demand for recognition of a privilege on the property.

Plaintiff appeals, and urges that the court erred in overruling the motion to strike out and in referring the motion to elect to the merits, and, further, in overruling plaintiff's objection to any evidence in support of the special pleas, and, on the merits, appellant urges that it should have had judgment against Beckham and wife

as demanded, and that in any event the court erred in refusing to allow judgment recognizing a privilege on the property for the amount of the judgment and ror costs.

Considering the motions to strike out and to elect, and the objection to the evidence, it is urged that the special pleas were inconsistent with the denial of liability and the plea that Chilcote was the agent of plaintiff and the latter the real contractor, and that the demand in reconvention was inconsistent with the tender, and that the plea that defendants had instructed plaintiff not to furnish Chilcote with material in excess of $1,600 was not any defense in the absence of any allegation that Chilcote was the agent of defendants or that plaintiff and defendants had agreed the latter would be liable for the material furnished to Chilcote to the extent of $1,600, without regard to the liability of defendants under the statute.

While we are of the opinion that defendants' pleas were inconsistent, and that the motion to strike out as well as the motion to elect and the objection to the admission of any evidence in support of the pleas should have been sustained (Cross, Pleading, p. 64, No. 57), yet in view of the fact that there was not any evidence offered in support of the plea that Chilcote was the agent of plaintiff, or that the latter was the real contractor, or in support of the reconventional demand based upon the plea, we shall consider the cause on the merits.

The evidence established that the material was furnished by plaintiff for the purpose of being used in executing the contract entered into by Chilcote with Beckham and wife, and that the material was used in improving and enhancing the value of the property of the community, and, the owner of the property having failed to comply with the statute by recording the contract and requiring bond of the contractor, and the evidence establishing that plaintiff complied with section 12 of the statute, plaintiff acquired the right to proceed against the owner and the property, and to recover judgment against the owner with recognition of a privilege on the property (Jahncke Service, Inc., v. McGuire, 9 La. App. 698, 119 So. 765), unless there was an agreement to the contrary.

There was not any evidence offered to show that plaintiff agreed to waive its rights, and the only evidence introduced tending to show any understanding between plaintiff and defendants Beckham and wife which could affect the rights of plaintiff was that Beckham and wife has instructed plaintiff not to furnish Chilcote with material in excess of the value of $1600 and that plaintiff had agreed not to do so. There is not, however, any suggestion that there were any contractual relations between plaintiff and Beckham and wife, or that Chilcote was the agent of Beckham and wife; and, while it may be that one who furnishes material to a contractor to be used and which was used as in the present instance, who may acquire the right to proceed against the owner of the property or the property itself for payment of the amount due, may by his actions waive or limit the extent of the right, we do not think the present case presents such an instance.

Plaintiff's right to proceed as it has done is based upon the statute, while the defense is based upon an agreement which was admittedly without consideration and which at most could be considered as an agreement that plaintiff would superintend the work undertaken by Chilcote, which the evidence does not indicate was contemplated by the parties; and we are of the opinion

that plaintiff should have had judgment against the owner of the property with recognition of a privilege thereon to secure the payment of the judgment.

Counsel have not discussed the right of plaintiff to a personal judgment against Mrs. Beckham, but it was alleged and the evidence established that the property belonged to the community existing between Beckham and wife, and the judgment should be restricted to the contractor and the husband, the master of the community, with recognition of the privilege on the property.

It is therefore ordered that the judgment appealed from be amended, and that plaintiff, Ruston Lumber & Supply Company, have and recover judgment against defendants John Chilcote and H. H. Beckham in solido in the sum of $752.42, with legal interest thereon from judicial demand until paid, and all cost of suit, with recognition of a privilege on the following described property, to-wit: A lot 62½ feet wide north and south, by a depth of 150 feet east and west, more particularly described as follows: Beginning at southeast corner of the following described property, to-wit: Across the section line between the N. E. ¼ of N. E. ¼, Sec. 25, and N. W. ¼ of N. W. ¼, Sec. 24, Tp. 18 N., R. 3 W., being a lot adjoining and on the west side of Vienna and Ruston road, beginning 60 feet west of northwest corner of Mrs. Mattie Watts' lot on east side of said road and running north parallel with said road 209 feet, thence west 300 feet, thence south 209 feet, thence east 300 feet to place of beginning; and from this southeast corner run north 62½ feet, thence west 150 feet, thence south 62½ feet, thence east 150 feet to point of beginning, being same lot J. B. Staples acquired from A. A. Hedgepeth, recorded in Book VV, p. 275, of Conveyance Records of Lincoln parish, La., being the same property now standing in the name of Mrs. Wilma Beckham as per deed from J. B. Staples, of date May 18, 1927, as recorded in the Conveyance Records of Lincoln parish, La., to secure the payment of the judgment, interest, and cost, and that the said property be seized and sold and the proceeds applied to the judgment, interest, and cost.