## MADISON LBR. CO. v. ROSSI ET AL.

—

(October 19, 1931. Opinion and Decree.)
(November 3, 1931. Rehearing Refused.)

—

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellee.

Daniel Wendling, of New Orleans, attorney for Dr. Maurice Campagna, Mary and Ursula Campagna, defendants, appellants.

HIGGINS, J. This is a suit by the Madison Lumber Company against the owners of the property, their authorized agent or representative, and the contractor, in solido, to recover the sum of $481.84 for building material furnished and for recognition of its materialman's lien and privilege.

The answers filed by the defendants are in substance general denials.

There was judgment as prayed for, and all the defendants, except the contractor, have appealed. The contractor having failed to appeal, the judgment is final as to him.

The record shows that Mr. Rossi, a contractor, entered into a written agreement with Dr. Campagna for the construction of certain improvements on the property owned by the doctor's two sisters. While Dr. Campagna signed the contract as owner, without disclosing his principal, it is

conceded by all parties that he acted as the authorized agent or representative of his sisters. The contract was not recorded, and there was no bond furnished securing its faithful performance. Plaintiff furnished the material to the contractor, and, when he failed to pay the bill, filed and recorded its lien in the mortgage office, but did not serve an itemized statement upon either Dr. Campagna or his sisters.

The defendants first contend that plaintiff has failed to prove that the material went into the construction of the building. Rossi—cross-examined as a defendant under the act of 1908 (Act No. 65 of 1908)—stated that the material, as shown by the itemized statement, which was annexed to the petition and the dray receipts offered in evidence, was used in the construction of the improvements on the property in question. The representative of plaintiff testified that the prices for the material were reasonable, and that the records of the company showed that the material was delivered to the contractor at the job. The only evidence offered by defendants to contradict the proof of plaintiff consisted of the testimony of Dr. Campagna, who stated that certain items did not go into the construction of the improvements, although he admitted that he had the statement covering the material checked by his accountant, who found it to be correct. Under these circumstances, we believe that the preponderance of the evidence is clearly in favor of plaintiff on this issue. Hortman-Salmen Lumber Co. v. Raymond et al., 13 La. App. 490, 127 So. 452.

The second contention is that the lien was not recorded within sixty days from the date of last delivery—the prescriptive period provided by section 12 of Act 298 of 1926—and therefore was too late to be

legally effective. The weight of the testimony with regard to this point is again with the plaintiff for the same reasons which we assigned with reference to the first issue.

The third defense is that a copy of the itemized statement was not served on either Dr. Campagna or his sisters, the owners of the property, as required by Act 298 of 1926. Since the evidence shows that the contract was not recorded, the case falls under section 12 of Act 298 of 1926, which specifically dispenses with such service. Jahncke Service, Inc., v. McQuire et al., 9 La. App. 698, 119 So. 765; Madison Lumber Co. v. McQuire, 14 La. App. 336, 124 So. 700; Lawrence v. Wright, 11 La. App. 703, 124 So. 697.

The fourth contention of defendants is that either section 11 or section 12 of Act 298 of 1926 applies, but that both sections are not applicable; that the two sections are independent of each other; that, if the case falls under section 11, then Dr. Campagna alone is personally liable, and any right that he might have in the property subject to the lien of plaintiff, but, if section 12 is applicable, then only the sisters are personally liable and their property subject to the materialman's lien and privilege.

Plaintiff contends that both sections 11 and 12 apply so as to make the doctor and also his sisters personally liable and the property and improvements subject to its lien.

In deciding this issue, it is necessary to consider sections 1, 11, and 12 of the act. The relevant portion of section 1 reads as follows:

"That every * * * furnisher of material. * * * who * * * furnishes material for the * * * improvement of

immovable property, with the consent of or at the request of the owner thereof, or his authorized agent, or representative, or of any person with whom the owner has contracted for such work, shall have a lien for the payment in principal and interest of such work or labor performed, or materials * * * furnished, and the cost of recording such liens, upon the land and improvements on which the work or labor has been done, or materials, * * * furnished, which lien and privilege, if evidenced as herein provided, shall be superior to all other claims against the said land and improvements except taxes and local assessments for public improvements. * * * "

Section 11 reads as follows:

"Where any work as hereinabove set forth, is done or buildings or other improvements made, where the person for whom the work is done or with whom the contract is made, or by whom the work is done, is not the owner of the land upon which the work is located, then he shall be subject to all the obligations that are made incumbent on the owner by this act, and the liens and privileges created and established by this act shall operate upon whatever right said person having the work done or doing the work may have to the use of the land as lessee; and said lien and privilege shall operate against the lease such person holds, if there is one, or if said work is caused to be erected by a mineral lessee, then the privilege shall exist against the mineral lease and whatever rights the lessee may have therein, thereon or thereto; provided, however, that the privileges hereby created shall not interfere with the lessor's lien and privilege or his right to demand and recover occupancy of the leased premises in default of the payment of rent, or his right to sell the lease or right of occupancy under any judgment he may obtain against his lessee growing out of the lease; and in the case of such sale, the privileges herein created shall be restricted to the proceeds of sale, and shall not follow the property, the lease or the right of occupancy."

The pertinent part of section 12 reads as follows:

"When the owner, or his authorized agent, undertakes the work of * * * improvement, * * * for the account of the said owner, * * * when a contract has been entered into but has not been recorded, * * * then any person furnishing service or material or performing any labor on said building or other work may record in the office of the Clerk of Court or Recorder of Mortgages in the parish in which said work is being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon said property * * * by said furnisher of material * * * shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work of improvement, as his interest may appear. * * * Any person furnishing service or material or performing any labor on said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, as provided in this Section. * * * "

Section 1 creates a lien and privilege in favor of the materialman on the land and improvements when the owner consents to, or requests or authorizes, the improvements.

In section 11 the Legislature contemplated a situation where the improvements were created on the owner's property without his consent or authorization by some one having a right of occupancy of the property. It is to be noted that the lien of the materialman in such cases is confined to such right as the unauthorized party had in the property, but does not affect the property itself. Jackson Homestead Ass'n v. Zimmer, 16 La. App. 647,

134 So. 126. Apparently the Legislature considered it would be unreasonable and unfair to give a lien and privilege in favor of the materialman on the property of the owner when a tenant, without the owner's consent, authorization, or knowledge, placed improvements on the leased or rented property. Since the record shows that Dr. Campagna was not a lessee or in possession of the property under any right of occupancy, section 11 is inapplicable.

The provisions of section 12 clearly cover cases where the owner or his authorized agent undertakes the improvements. Now in the present case, while it is true that Dr. Campagna did not disclose his principal, it is conceded that he was acting as the authorized agent or representative of the owners of the property.

A careful reading of the provisions of section 12 discloses that a materialman has a personal right of action against the owner for his claim and also a materialman's lien and privilege on the land and improvements securing his claim, but nowhere in that section can there be found any language which gives the materialman a personal right of action against the authorized agent. Nor does section 1 of the act provide such a right in favor of the materialman against the authorized agent.

It is not contended that Dr. Campagna purchased the material, for it was sold and delivered to the contractor; hence Dr. Campagna would not be liable under the general law.

We are therefore of the opinion that the judgment of the lower court is erroneous as to Dr. Campagna, the authorized agent or representative of the owners, but that it is correct in holding the owners personally liable with recognition of the materialman's lien and privilege on the land and improvements.

For the reasons assigned, the judgment appealed from is amended by dismissing the suit as against Dr. Maurice Campagna, one of the defendants, but in all other respects it is affirmed.