67 So.2d 150 (1953)
SIRONE
v.
DISTEFANO.
No. 3708.
Court of Appeal of Louisiana, First Circuit.
June 30, 1953.
Rehearing Denied September 15, 1953.
Writ of Certiorari Denied October 9, 1953.
Ponder & Ponder, Amite, for appellant.
W. S. Rownd, Hammond, for appellee.
ELLIS, Judge.
This is a suit by plaintiff as the alleged furnisher of materials and as the assignee of Thomas Efferson, who performed work and labor upon a building known as "Kelly's Tavern" near the City of Hammond, owned by the defendant, Kelly Distefano and which, at the time the material was furnished and the labor performed, was leased to one Floyd Miller.
The material and laborer liens were timely and properly filed as well as the suit. The basis of plaintiff's suit is consent by the defendant which the latter specifically denies by alleging in his answer that he "knew nothing of the transaction and had no business relations with the plaintiff, Anthony V. Sirone, or his assignors, Thomas Efferson and others; that at no time did the defendant purchase any material or authorize the lessee to purchase for the defendant's account any materials or incur any expenses for labor."
The case was tried on the issues presented and resulted in a judgment in favor of the plaintiff as prayed for, from which the defendant has appealed.
The plaintiff has filed a motion to dismiss the appeal upon the ground that the return day fixed in the order of appeal was for January 14, 1953 and the appeal was not filed in this Court until January 16, 1953. The record shows that the defendant was not at fault as his bond was timely furnished and it has been held that the Clerk of the District Court has the duty of filing the transcript in the Court of Appeal, and if he fails to do so before the time for the filing expires, the fault cannot be attributed to appellant and the return date is automatically extended, and therefore the motion to dismiss the appeal must be overruled. See Osborne v. Mossler Accep.Corp., La.App., 24 So.2d 655, and cases cited therein; also Felder v. Springfield Farmers Cooperative Ass'n, Inc., La. App., 29 So.2d 547.
Plaintiff's suit is based upon the law as contained in LSA-R.S. of 1950, Vol. 1, Title *151 9, § 4801, the part pertinent to this suit reading as follows:
"Every * * * laborer, or furnisher of material * * * who performs work or furnishes material for the erection, construction * * * or improvement of immovable property, * * * with the consent or at the request of the owner thereof, * * * has a privilege for the payment in principal and interest of such work or labor performed, or materials, * * * furnished, * * *."
On the trial of the case it was shown that the plaintiff furnished the material and his assignor performed the labor necessary to build a boxing arena in the rear of and connected with the main building of the defendant-lessor, and also changed the interior of the building which was operated as a bar and night club by removing a partition so that the lessee could also operate a restaurant, and by cutting a window in the dance hall.
The witnesses on behalf of the plaintiff other than himself were Efferson, the carpenter, the latter's daughter, and two former employees of the night club. All of these witnesses testified in effect that Miller, the lessee, did not start the work until he got the consent of the defendant, and each testified that they heard the defendant tell Miller that anything he wanted to do with the place was all right with him, and that thereafter the defendant came back to the club during the progress of the work.
On the other hand, Distefano denies that he ever authorized the work and purchase of the material, or performance of the labor necessary to make the alterations in the building, or to build the boxing arena and bleachers. He admits that the lessee, Miller, spoke to him about building this arena in the back and that he told Miller that he could do so at his own expense. The defendant further denied knowing anything about the work on the interior, however, the preponderance of the testimony is to the effect that his lessee did talk to him about the alterations to be made inside the building and the construction of the boxing arena, and that he visited the place while the work was in progress. In fact, he testified, "I went there and seen he was working but it wasn't any of my business," and he further admitted that he made no objection.
The same defense as in this case was made in Harding v. Wattigney, La.App., 62 So.2d 190, 193, in which the Court said:
"Plaintiff insists that he never employed Wattigney or authorized the doing of any of the work, and that if Weigel employed Wattigney he had no right or authority or power to do so. Harding, however, admits that he knew Wattigney erected the garage and washroom, and that he saw him at work during various stages of the work, but his story is that he advised Wattigney to leave the premises. Finally he says he told him `All right, if you want to build it, go ahead,' and that Wattigney was `wasting his time.' Wattigney denies that Harding made any statements of such nature to him.
"We cannot be led to the belief that Harding was entirely ignorant of the fact that Wattigney rendered the other services during the period of those twenty-three weeks. Harding lived only a short distance away within range of vision and earshot of the buildings, and it is inconceivable that he could have been oblivious to the fact that work was being done on the buildings on his land.

* * * * * *
"Wattigney was not able to show that he was authorized by Harding personally to refinish the buildings, but it was abundantly proven that Wattigney performed the work at the behest of Julius J. Weigel, and that Harding had knowledge of the agreement between Weigel and defendant and remained silent during the progress of the work. * * *"
The language of the Court in the above cited and quoted case is applicable to the case under consideration and there is *152 no manifest error on the part of the trial judge in his conclusion that the work was done either with the express consent of the defendant or that he had full knowledge and stood silently by, and, therefore, the judgment of the District Court should be affirmed.
The fact that the statement for materials was made to the Lessee and that Lessee also employed the carpenter is immaterial where the owner consents or authorizes the work to be done.
Affirmed.