PER CURIAM.
As authorized by Section 25 of Article VII of the Louisiana Constitution of 1921, LSA and by LSA-R.S. 13:4449, and in compliance with Rule 13, Section 4, of the Supreme Court, this court does herewith apply to the Honorable, the Supreme Court of Louisiana, for instructions on a question of law arising in the above captioned appeal.

Facts.

This is a suit by a building contractor seeking recognition of a lien in the amount of $4,160.88 for labor and material furnished in the reconstruction and .renovation of business premises located on property owned by the defendant. These substantial repairs were made at the order of a tenant to whom the property had been leased.
The business premises had been leased for the purpose of operating a “drive-in” restaurant. By agreement both written and oral between the owner-lessor (defendant herein) and this tenant, the latter was authorized to undertake at his own expense the needed reconstruction to make the premises suitable for the purpose for which leased. The owner had personal knowledge that the reconstruction project was being undertaken and was personally *334 present during the course of the reconstruction, and he had accompanied the tenant to the plaintiff contractor’s office when the plaintiff furnished the tenant an estimate of the cost of the repairs; but the owner did not enter into any of the negotiations between the tenant and the contractor, nor did he indicate any personal responsibility for the cost of the repairs (nor, in fact, did he even know the estimated cost of the repairs). The tenant has since filed a petition in bankruptcy, and (we are informed) the lease between him and the defendant-owner has been terminated.
The plaintiff appeals from a trial court judgment dismissing his suit upon an exception of no cause of action.
Involved in the determination of the legal question here presented is the construction of the following two sections of Title 9, Chapter 2, Part I, Louisiana Revised Statutes, concerning the creation of privileges on private works:
“§ 4801. Privilege ' on immovables for labor or materials; rank
“A. Every contractor * * * or furnisher of material * * * who performs work or furnishes material for the erection, construction, repair or improvement of immovable property, * * * with the consent or at the request of the owner thereof, or his authorized agent or representative, * * * has a privilege for the payment in principal and interest of such work or labor performed, or the materials, machinery or fixtures furnished, * * * upon the land and improvements on which the work or labor has been done, or the materials, machinery or fixtures furnished. * * *
“§ 4811. Contracting party other than owner
“Where any work as hereinabove set forth is done or buildings or other improvements made, where the person for whom the work is done or with whom the contract is made, or by whom the work- is done, is not the owner of the land upon' which the work is located, then he shall be subject to all the obligations that are made incumbent on the owner, and the privileges shall operate upon whatever right the said person having the work done or doing the work may have to the use of the land as lessee. The privilege shall operate against the lease such person holds, if there is one, * * * The privileges shall not interfere with the lessor’s privilege or his right to demand and recover occupancy of the leased premises in default of the payment of rent, or his right to sell the lease or right of occupancy under any judgment he may obtain against his lessee growing out of the lease. In the case of such sale, the privileges shall be restricted to the proceeds of sale, and shall not follow the property, the lease, or the right of occupancy.”
The plaintiff contends that, in addition to any privilege he might have under LSA-R.S. 9:4811, he is also entitled to a lien under LSA-R.S. 9:4801 because he furnished the work and materials and improved the property owned by the defendant, with said defendant at the time being fully aware of and not objecting to these substantial improvements of his property, which had been ordered by the tenant pursuant to the authorization to do so conferred upon this tenant by the written lease executed by the defendant, owner-lessor of the property. Thus, the plaintiff’s position is that a contractor or furnisher of materials is entitled to a lien for work done upon premises when such work is ordered by a tenant, providing the tenant is authorized by the owner-lessor to make the repairs (even though, as between the tenant and the owner, the tenant and not the owner is liable for the cost of such repairs), because in such instance the work is done “with the consent * * * of the owner” or “at the request of * * * his authorized agent or representative”, LSA-9:4801.
*335 The plaintiff finds substantial support for his position in the following decisions of the First Circuit and Orleans Courts of Appeal: Sirone v. Distefano, La.App. 1 Cir., 67 So.2d 150; and Madison Lumber Co. v. Rossi, La.App. Orleans, 18 La.App. 461, 137 So. 221.
On the other hand, the defendant-appel-lee contends that the only privilege a contractor or furnisher of materials may obtain when the work is performed upon the order of a tenant is that provided by LSA-R.S. 9:4811, which specifically provides for privileges where the “contracting party [is] other than [the] owner”. Under this provision, the privileges operate only “upon whatever right the said person having the work done * * * may have to the use of the land as lessee”, including “the lease such person holds, if there is one.” The defendant-appellee further contends that, should the court find that under LSA-R.S. 9:4801 a contractor is entitled to a lien on immovable property for work performed at the request of the tenant, then nevertheless mere knowledge on the part of the lessor-owner that the work is being performed is not sufficient to satisfy the statutory requirement that the work be done “with the consent or at the request of the owner”.
The defendant’s position is supported by the following decisions of the Court of Appeal for the Second Circuit: Shreveport Armature & Electric Works v. Harwell, La.App., 172 So. 463; Shreveport Long Leaf Lumber Co. v. Parker, La.App., 144 So. 153; see also, Berg v. Schneider, La. App., 12 So.2d 501.
The present case was decided upon an exception of no cause of action. If we sustain the plaintiff’s position, the suit must be remanded for trial on the merits, and considerable time thereafter must necessarily elapse before the Supreme Court can finally pass upon the issue. Because of this circumstance and in view of the division in opinion of the other circuits and because of the public importance of this question (upon which the law is now uncertain) to property owners and to the construction industry throughout Louisiana, we are exercising our constitutional authority to certify the question of law here raised to the Supreme Court to secure a more expeditious final determination thereof.
The questions upon which we desire instruction are these:
I.
When repairs and improvements are made by a tenant upon leased premises, and the owner has given the tenant permission to make such improvements, is the contractor entitled under LSA-R.S. 9:4801 to a lien for the labor and materials used on the premises ?
II.
That is, under such circumstances is the work performed “with the consent * * * of the owner” or “at the request of * * * his authorized agent or representative” so as to entitle the contractor to a statutory lien under LSA-R.S. 9:4801?
III.
Or, instead, does LSA-R.S. 9:4811 provide the sole statutory authority for a contractor’s construction lien when the contracting party who orders the work is “other than [the] owner”, in such case conferring a lien only upon the leasehold rights of the tenant who ordered the work, whether or not the landlord-owner consented to the tenant’s contracting for improvement of the property at the tenant’s expense?
Respectfully submitted:
ALBERT TATE, Jr.
J. CLEVELAND FRUGÉ
PRESTON L. SAVOY
JOHN T. HOOD, Jr.
WILLIAM A. CULPEPPER Judges
On Application for Rehearing
En Banc. Rehearing denied.