TATE, Judge.
This is a suit by a building contractor seeking recognition of a lien in the amount of $4,160.88 for labor and material furnished in the reconstruction and renovation of business .premises located on property owned by the defendant. The plaintiff contractor appeals from a dismissal of his suit upon an exception of no cause of action.
Initially, following the original argument before us on appeal- — because of an apparent conflict in the decisions of the other .circuits, and pursuant to the authorization of Article .VII, Section 25, La. Constitution, LSA — , this court certified certain questions of law arising in this appeal to the Supreme Court of Louisiana. 137 So.2d 333. The Supreme , Court thereupon gave its instructions on the questions certified to it. 242 La. 569, 137 So.2d 336.
The alleged and stipulated facts show:
The business premises had been leased by the defendant to a tenant for the purpose of the latter’s operating a “drive-in” restaurant. By agreement between the owner-lessor, the defendant herein, and his tenant, who is not a party to this suit, the tenant was authorized to undertake at his own expense the needed reconstruction to make the premises suitable for the purpose for which leased. Under the terms of the written lease, such repairs and improvements were to remain the property of the lessor at the termination of the lease.
This suit is to secure recognition of a lien for the substantial repair and reconstruction work on the premises performed by the plaintiff-contractor at the request of the tenant.
The owner had personal knowledge that the reconstruction project was being undertaken and was personally present during the course of the reconstruction. He had also accompanied the tenant to the plaintiff contractor’s office when the plaintiff furnished the tenant an estimate of the cost of the repairs. The owner, however, did not enter into any of the negotiations between the tenant and the contractor, nor did he indicate any personal responsibility for the cost of the repairs. The tenant has since filed a petition in bankruptcy, and the lease between him and the defendant-owner has been terminated.
In response to the questions certified to it by this court, the Supreme Court stated that a building contractor is not entitled to a statutory lien against the owner under LSA-R.S. 9:4801 for the labor and materials used on the premises ordered by a tenant for the latter’s account, even though the owner knew of and consented to such repairs being made to the premises.
The statutory provisions create a lien when work is done “with the consent or and at the request of the owner thereof, or his authorized agent, or representative”, LSA-R.S. 9:4801. The Supreme Court thus apparently held that, in order for a statutory lien to be accorded, the landowner’s consent must be for such repairs to be made for Ms own account — that he consent to a personal liability for such repairs. The landowner’s consent that the tenant make the repairs for the latter’s account is not sufficient. When the work is done for the account of the tenant, even if the owner has consented to the tenant ordering such work, no lien is created, therefore, because the owner has not given his consent to the contractor to do the work for him in his capacity as owner of the property.
*175 Following receipt of the high court’s instructions on the questions of law certified to it, a re-argument of the appeal was heard before this court.
Counsel for the appellant forcefully urges that the Supreme Court’s instructions on the abstract questions of law do not require us to hold that the plaintiff contractor in the present case is not entitled to any lien and privilege upon the premises for the work done. Counsel points out that the present owner has been enriched in a substantial amount by the substantial improvements made upon his premises with his consent and knowledge, and further that under the specific terms of the lease the improvements were made for the benefit of the owner, as well as of the tenant, since they were to belong to the owner at the termination of the lease.
Counsel also notes that the Supreme Court specifically did not overrule certain decisions of the courts of appeal (especially Sirone v. Distefano, La.App. 1 Cir., 67 So.2d 150, certiorari denied) which apparently recognized the contractor’s lien against the owner’s property under circumstances identical or similar to the present, and that the Supreme Court also specifically recognized that, 242 La. 569, 137 So.2d 336, “the owner, through his conduct, * * * under certain circumstances [may] create an estoppel which will prevent his contesting the rights of the materialman, laborer, or similar claimant.” Counsel further suggests that the intent of the statutory enactment to confer a lien upon premises for repairs done with the consent of the owner is defeated by holding that the lien under the circumstances applies only to the valueless leasehold rights of the present tenant ,[1]
We fully recognize the force of these contentions. Apparently, however, the Supreme Court considered them in reaching its conclusion as to the principles of law applicable to this litigation (even though its opinion does not specifically dispose of them), because these were the same contentions urged in this court before we certified the case to the high tribunal. Under the constitutional provisions authorizing courts of appeal to certify questions to the Supreme Court, the latter’s instructions on the questions certified “shall be binding upon the Court of Appeal in such case.” Article VII, Section 25, Louisiana Constitution. We must therefore follow such instructions of abstract law as have been given to us in this case. We must accept them as having been given with a consideration of their application to the facts instanced by this record, and we must accept that by these instructions the Supreme Court indicated that the circumstances noted were insufficient to confer a statutory lien in favor of the contractor -for the work performed by him.
If our interpretation of the Supreme Court’s decision is incorrect, the appellant, of course, has the opportunity to secure from that court a clarification as to whether its answers in the abstract to the questions of law in question were or were not intended to prevent a recognition, under the specific present facts, of the contractor’s privilege for the substantial improvements made by him upon the owner’s property with the latter’s consent and with the latter’s knowledge that such improvements were to belong to him upon termination of the lease.
For the foregoing reasons, we must affirm the trial court’s judgment dismissing the plaintiff’s claim. All costs are to be paid by the plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. Aside from the fact that the contractor’s charges were not paid and the lease terminated because of the tenant’s bankruptcy, the lease itself provides (as do most leases, probably) that the leasehold rights shall not be transferred except with the written consent of the lessor.